LaMatt *v.* The State, *ex rel.* Lucas.

No. 14,919.

LaMatt *v.* The State, ex rel. Lucas.

BASTARDY.—*Inspection of Child.—Instruction to Jury.—New Trial.*—A new trial should not be granted in a bastardy proceeding because of alleged misconduct of the jury in inspecting the features of the child during a recess in the trial of the cause, where they were instructed that they had no right, in passing upon the question of paternity, to take into consideration the countenance of the child, or to inspect it, but that they must consider only the oral testimony.

SAME.—*Evidence.—Cross-Examination.*—Where the relatrix, in a bastardy proceeding, testifies on cross-examination by the defence to an act of intercourse other than that resulting in pregnancy, the State may be permitted to call a witness to corroborate her testimony.

From the Wayne Circuit Court.

*H. U. Johnson*, for appellants.

*W. F. Medsker* and *C. E. Shively*, for appellee.

McBRIDE, J.—This was a bastardy proceeding. After the evidence had been heard, and while the argument to the jury was being made, the court adjourned for the day and the judge left the court room. Thereupon six of the jury engaged in trying the case approached the relatrix, and, with her consent, inspected the features of the bastard child. There was a verdict, finding that the defendant was the father of the child, and he insists that the action of the six jurors was such misconduct as entitled him to a new trial.

At the proper time the defendant presented to the judge, and asked to have given, the following special instruction:

"In passing upon the question as to whether or not the defendant is the father of the bastard child of Hattie Lucas, you have no right to take into consideration the countenance of said child. It was not proper for said child to be offered in evidence to you in the cause, nor for you to inspect it, or draw any conclusions whatever from its appearance."

The court refused to give this instruction, but, instead, gave the following:

" 6. In passing upon the question as to whether the defendant is the father of the bastard child of Hattie Lucas, you have no right to take into consideration the countenance of said child, nor for you to inspect it, or draw any conclusion whatever from its appearance. But, in considering and determining this case, you must look only to and consider the. oral testimony, and not the resemblance or non-resemblance of the child to the defendant."

Assuming, without deciding, that the jurors were guilty of misconduct in inspecting the features of the child, the instruction given by the court was sufficient to cure any error that may have been committed so far as any question is presented to us by the record. We must assume, in the absence of any showing to the contrary, that the jury gave due heed to the instruction given, and were not in any manner influenced or governed by the inspection of the child's features. The instruction given was sufficient, and was quite as favorable as the defendant could ask to have given.

Counsel urges that as the evidence is conflicting, and, in his judgment, the testimony for the State weak and contradictory, we should assume that the judgment of the jury in weighing the evidence, and in deciding in favor of the State, must have been warped and influenced by the inspection of the child's features. As we have said, such presumptions as we are permitted to indulge in must be in favor of rather than against the action of the jury, and if they obeyed the instruction of the court, as we must presume they did, the appellant was not harmed.

During the trial of the cause the relatrix, on cross-examination, testified to several acts of sexual intercourse occurring between her and defendant aside from that which she claimed resulted in her pregnancy. Among the acts thus testified to was one which she claimed occurred in a wood-shed three or four years before the conception of the child. The State then, over the objection of the defendant, called as a witness one John Little, who testified that at the

time and place referred to, he and another saw the defendant and the relatrix in the wood-shed in question under circumstances tending to indicate that they had just been engaged in sexual commerce. The defendant urges that this was erroneous and should reverse the cause. The testimony of the relatrix, with reference to the act of intercourse in the wood-shed, was drawn out by the defence on cross-examination, and she was cross-examined thereon at some length. The State had the right under such circumstances to corroborate her if possible, and the testimony of the witness, Little, was competent for that purpose.

The judgment is affirmed, with costs.

