Belknap,    }
March 7, 1905. }

### STATE *v.* DANFORTH.

The general rules governing the admissibility of evidence are the same in
criminal as in civil proceedings.

A child whose paternity is a controverted question may be exhibited to the
jury, and counsel may direct attention to features peculiar to both the
infant and its putative father and to a general resemblance between them.

It is no objection to the admission of such proof upon the trial of an indict-
ment for rape, that the respondent is thereby compelled to furnish evidence
against himself.

Whether the evidence furnished by comparison of a child with its putative
father is sufficiently definite to have weight upon the issue of paternity, is
a question of remoteness determinable by the trial court.

In the absence of a contrary statement in the reserved case, it will be pre-
sumed that a respondent exercised his right to testify in his own behalf and
thereby made himself a subject of cross-examination and comment.

Conduct of counsel which may be open to criticism on grounds of propriety,
but which had no tendency to render a trial unfair, does not furnish cause
for setting aside a verdict.

A finding by the superior court that a trial was not rendered unfair by alleged
misconduct of counsel is conclusive.

Whether justice requires the granting of a new trial on the ground of newly
discovered evidence is a question of fact to be determined in the superior
court.

A new trial cannot be granted for newly discovered evidence which merely
tends to impeach the testimony of an adverse witness.

INDICTMENT, for rape upon a woman child under the age of six-
teen years. Trial by jury and verdict of guilty. Transferred from
the November term, 1904, of the superior court by *Chamberlin*, J.

The woman had a child born in July, 1904. Subject to exception, the state was permitted to exhibit the child to the jury, and to argue from peculiarities of features claimed to be common to the child and the defendant and from a general resemblance between them.

After verdict, the defendant moved to set the same aside and for a new trial, on the ground of alleged misconduct of the state's counsel and because of newly discovered evidence. The misconduct alleged was that counsel for the state, after exhibiting the child to the jury, upon returning it to the mother, who sat within the bar, kissed the child in the presence of the jury. The act was denied by the state's counsel, but they were not required to submit evidence, as the court held that the act, if it occurred, was not prejudicial to the defendant, and that the trial was not rendered unfair. Upon cross-examination, the mother of the child answered in the negative various inquiries as to her more or less intimate association with other men. The newly discovered evidence tended to contradict her in these particulars. The court ruled that the evidence was not cause for a new trial, as it tended simply to impeach the state's witness and did not go to the merits of the case. The defendant excepted to the refusal to set aside the verdict and order a new trial, and to the ruling on the motion.

*William D. Veazey*, solicitor (with whom was *Erastus P. Jewell*), for the state.

*Shannon & Tilton*, for the defendant.

PARSONS, C. J. "Evidence is any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact." *Cook* v. *New Durham*, 64 N. H. 419, 420. The defendant is charged with rape upon a woman child under the age of sixteen years. The birth of the child conclusively established a prior act of intercourse. The fact was relevant upon the issue tried. The state could not be confined to proof by oral testimony, and excluded from presenting the child to the jury as evidence tending to establish the fact of birth and prior unlawful intercourse. It was the right of the state to prove its case by competent evidence from all sources. *Cook* v. *New Durham, supra.* There was no error in exhibiting the child to the jury.

It is contended that error was committed in permitting counsel for the state to call attention to peculiarities in the features of the child and the defendant and to a general resemblance between

them. The birth of the child, if found by the jury, established the commission by some one of the crime charged. If the defendant was the father of the child, his guilt was proved. Any evidence tending to establish that relationship was relevant. The issue was paternity, precisely as in a prosecution for bastardy.

"The practice of bringing before the jury, on trials for bastardy, the child whose paternity is sought to be established, when living, has been almost universal in this state from the earliest recollection of the oldest practitioners." *Gilmanton* v. *Ham*, 38 N. H. 108, 112, 113. This practice, recognized by the court in 1859, has continued to the present time. *State* v. *Saidell*, 70 N. H. 174. In the latter case, decided in 1899, it was said: "The comparison of the child with the defendant as an individual, or with his race, was properly allowed"; and the ground upon which such comparison is permitted was placed upon the reasons advanced in *Gilmanton* v. *Ham*, that "under the well established physiological law that like begets like, and that generally there is a resemblance, more or less strong and striking, between the parent and his child, it was a fair matter of argument before the jury by the counsel on both sides, whether or not there had been anything in the complexion, appearance, and features of the child which the witness had produced and identified before them tending to indicate its other parent."

It is urged that the rule of this court, as recognized in *Gilmanton* v. *Ham* and *State* v. *Saidell*, is erroneous and against the weight of authority elsewhere. Time has therefore been taken to examine the authorities generally, although the rule, upon the cases referred to, appears firmly established in this jurisdiction.

In *Andrews* v. *Askey*, 8 C. & P. 7, an action for seduction, counsel relied in corroboration of the plaintiff upon the likeness of the child to the defendant. In *Morris* v. *Davies*, 3 C. & P. 215, an issue to determine whether the plaintiff was the son of William and Mary Morris, the defendants claimed the plaintiff was the fruit of an adulterous intimacy between Mary Morris and one Captain Austin. "And the defendants' counsel much relied . . . on the circumstance of the personal resemblance that was proved by several witnesses to exist between him and the captain." 3 C. & P. 217. In the latter case, in the house of lords (5 C. & F. 163, 239) the same argument was made, reliance being had upon the oft-quoted observation of Lord *Mansfield* in the Douglas case: "I have always considered likeness as an argument of a child's being the son of a parent." 1 Beck. Med. Jur. 651; Hub. Suc. *384. No suggestion appears to have been made that evidence of resemblance was not competent, and in that case it appears to have been regarded as evidence of a very convincing

character. Camp. Ld. Ch., *c.* 144, *ad fin.*, and note. When the fact of resemblance is satisfactorily established, Mr. Justice *Heath* is said to have told the jury in *Day* v. *Day* (Huntingdon Ass. 1797) "it was impossible to have stronger evidence." Hub. Suc. \*384. It is also said that in 1871, in the Tichborne case, Lord Chief Justice *Cockburn* held that the resemblance of the claimant to a daguerreotype of Roger Tichborne was relevant and intimated that comparison of features between the claimant and sisters of Arthur Orton would be permitted. *Gaunt* v. *State*, 50 N. J. Law 490, 493; *Warlick* v. *White*, 76 N. C. 175, 180; 8 Am. Law Rev. 381, 411, 412. Cases which hold that witnesses cannot be permitted to testify to the fact of resemblance generally concede that if the fact be proved by the presence of the parties in court, or by photography, it is competent for the jury to consider the fact. *In re Jessup*, 81 Cal. 408,—6 L. R. A. 594, 596; *Shorten* v. *Judd*, 56 Kan. 43, 45,—54 Am. St. Rep. 587, 589; *Jones* v. *Jones*, 45 Md. 144.

It appears to be universally conceded that a resemblance between the parties, properly proved, is some evidence upon the issue. The cases upon which the defendant relies do not contest this proposition, and concede that even in the case of young children, if dissimilarity of race is involved, comparison in the presence of the jury is proper. *Clark* v. *Bradstreet*, 80 Me. 454,— 6 Am. St. Rep. 221; *State* v. *Saidell*, 70 N. H. 174, 175, 176. The argument advanced in these cases is founded upon the alleged physiological fact, considered matter of law as matter of common knowledge, that "during the first few weeks, or even months, of a child's existence, it has that peculiar immaturity of features which characterize it as an infant, and that it changes often and very much in looks and appearance during that period." *Clark* v. *Bradstreet*, 80 Me. 454. In that case the child was six weeks old. In *Hanawalt* v. *State*, 64 Wis. 84,—54 Am. Rep. 588, the child exhibited to the jury was less than a year old, and the court say of the fact of resemblance, "when applied to the immature child, its worthlessness as evidence to establish the fact of parentage is greatly enhanced, and is of too vague, uncertain, and fanciful a nature to be submitted to the jury." In the Indiana cases cited by the defendant the incompetency of the evidence furnished by the exhibition of the child is assumed. *Risk* v. *State*, 19 Ind. 152; *Reitz* v. *State*, 33 Ind. 187; *LaMatt* v. *State*, 128 Ind. 123. In Iowa, in *State* v. *Harvey*, 112 Ia. 416,—52 L. R. A. 500, it was held that a child nine months old could not properly be offered as evidence of its resemblance to the defendant. The same was held as to a child three months old in *State* v. *Danforth*, 48 Ia. 43,—30 Am. Rep. 387, while in *State* v. *Smith*, 54 Ia.

104,—37 Am. Rep. 192, it was held that a child two years and one month old might be shown to the jury.

All the authorities concede, in effect, that there may be cases in which the maturity of the child, or the character of the peculiarities relied upon as a ground of resemblance or dissimilarity, render the child competent evidence on the issue of paternity. The objections urged to the competency of the evidence go rather to its weight than to its relevancy. When comparison is made to determine a difference of race or otherwise, greater weight may properly be given to the evidence; but the ground of its relevancy is the same as when the comparison is between individuals. The objection resting upon the immaturity of the child is merely to the definiteness of the proof. If all individuals developed by a fixed rule, it might be possible to fix upon a certain age below which the child should not be exhibited as evidence on this issue. If there were such an age, its scientific determination would involve the finding of a question of fact upon physiological evidence—an investigation which this court has no means or power to make. Whether the features of a child are sufficiently developed to authorize its use as evidence by comparison with the alleged parent, is purely a question of fact. A court of law cannot determine this question of fact, as a rule of law, without evidence, upon their personal impressions, without basing their judgment upon a "vague, uncertain, and fanciful" foundation. Conceding that resemblance properly proved is an evidentiary fact competent for consideration in connection with other evidence upon the issue of paternity, and that in certain instances or situations the individuals themselves may furnish evidence of such resemblance, the question whether the evidence offered by one of the individuals— the child—is sufficiently definite to have weight on the question in a particular case is a question of remoteness determinable at the trial term. *Pritchard* v. *Austin,* 69 N. H. 367, 369; *Morrill* v. *Warner,* 66 N. H. 572.

No error of law was committed at the trial. Whether the rejection of such proof of resemblance upon the ground of immaturity of features in the child, found as a fact by the trial court, would constitute error of law in this jurisdiction, is a question not presented. It is said in a recent work that "the sound rule is to admit the fact of similarity of specific traits, however presented, provided the child is in the opinion of the trial court old enough to possess settled features or other corporal indications." 1 Wig. Ev., s. 166. This rule appears reasonable, avoiding the strongest objections raised to this class of evidence, and to be in accord with the general practice here as to evidence of such varying character. Whether it should be here followed, is a question which the present case does not raise for decision.

*United States* v. *Collins,* 1 Cranch C. C. 592, cited by the defendant, is the report of a jury trial in which the presiding judge refused to admit the testimony of witnesses to prove the likeness between the defendant and the child. The grounds of the exclusion are not stated. In *State* v. *Neel,* 23 Utah 541, cited in argument, it does not appear that the child was introduced for purposes of comparison or the resemblance argued, although it is said this could not be done. The suggestion, that if evidence of this sort is laid before the jury the court of law will be unable to pass upon the question whether there was any evidence, is not entitled to serious consideration. If sound, it would preclude the jury from considering in any case any evidence except what can be reduced to writing.

The cases on the subject are quite fully collected in Wigmore on Evidence (*vol.* 1, s. 166) and in a note to *State* v. *Harvey,* 52 L. R. A. 500; and the conclusion of the authors, that the weight of authority coincides with the rule of this court, appears to be sustained by an examination of the cases. *Finnegan* v. *Dugan,* 14 Allen 197; *Scott* v. *Donovan,* 153 Mass. 378; *Farrell* v. *Weitz,* 160 Mass. 288; *Gaunt* v. *State,* 50 N. J. Law 490; *Jones* v. *Jones,* 45 Md. 144; *State* v. *Woodruff,* 67 N. C. 89; *State* v. *Horton,* 100 N. C. 443,—6 Am. St. Rep. 613; *Wright* v. *Hicks,* 15 Ga. 160,—60 Am. Dec. 687, 695; *Paulk* v. *State,* 52 Ala. 427; *Kelly* v. *State,* 133 Ala. 195,—91 Am. St. Rep. 25; *Crow* v. *Jordon,* 49 Ohio St. 655; *People* v. *Wing,* 115 Mich. 698, 701, 702; *In re Jessup,* 81 Cal. 408,—6 L. R. A. 594; *Marr* v. *Marr,* 3 U. C. C. P. 36.

The general rules as to the admissibility of evidence are the same in criminal as in civil proceedings. *Gaunt* v. *State,* above cited, was an indictment for fornication, in which the question is fully considered. The objection that the defendant was compelled to furnish evidence against himself is without foundation. It does not appear that he was required to do anything. As it does not appear that he did not testify, it is to be presumed he exercised his right and offered himself as a witness before the jury, and made himself a subject of cross-examination and comment. *State* v. *Ober,* 52 N. H. 459.

If the counsel for the state kissed the child in the presence of the jury, a charge which counsel denies and which is not found to be true, such act had no tendency to prove that the defendant was the father of the child,—the point in controversy,—or that counsel thought so. As evidence, the act was clearly immaterial. Being immaterial, the verdict cannot be affected by the bad taste of such an exhibition unless the spectacle tended clearly to prejudice the jury against the defendant. If what the jury saw tended to create in their minds sympathy for the child, it is not clear how

the result of sympathy so evoked could prejudice them against the defendant in this proceeding, however the fact might be in a proceeding for bastardy. It could not aid the child to convict the father of rape. A verdict is not set aside for the admission of incompetent, immaterial evidence not calculated to prejudice the losing party. *Smith* v. *Morrill*, 71 N. H. 409. The ruling of the court refusing to hear evidence as to the alleged misconduct of the state's counsel, upon the ground that the act (if it occurred) was not prejudicial to the respondent, if understood as a ruling of law, was without error; while if the holding were intended as a finding of fact that the trial was not rendered unfair, such finding is decisive. *Furnald* v. *Burbank*, 67 N. H. 595.

Whether justice requires that a new trial should be had upon the ground of newly discovered evidence, is a question of fact for the trial court. *Ela* v. *Ela*, 72 N. H. 216. Evidence which " tended simply to impeach the state's witness and did not go to the merits of the case" would not authorize the court to order a new trial. *State* v. *Carr*, 21 N. H. 166 ; *Dennett* v. *Dennett*, 44 N. H. 531. To justify such an order the newly discovered evidence "must be material to the issue joined ; material to the point to be decided by the verdict, and not collateral. It must go to the merits of the case, and not to discredit or impeach a former witness." *State* v. *Carr*, *supra*, 170. The evidence offered directly contradicted the prosecutrix as to her associations with other men, and tended to impeach and discredit her. If it had a tendency to prove intercourse with other men, such acts, if proved, would not establish that the defendant was not guilty. The defendant claims in argument that the state's case rested on the claim of exclusive opportunity on the part of the defendant. If by the course of the trial this question became a material point to be decided by the verdict, the evidence offered, if made definite in time, might have some bearing thereon. If the jury believed the prosecutrix had borne a child, and that the defendant was the only person with whom she could have had intercourse, the case against the defendant was made out. Evidence showing that another had such opportunity and might be the progenitor of the child exhibited to the jury would be material and might be important. But the case contains no statement of fact justifying the claim of the defendant, and the new evidence reported lacks the element of time essential to render it relevant upon the question of the paternity of the child. As the case is before the court, the only tendency of the evidence was, as ruled, to impeach the state's witness.

*Exceptions overruled.*

All concurred.