[Civ. No. 2001.   Second Appellate District.—September 27, 1916.]

## ALVINA VALENCIA, Respondent, v. PHILIPP MILLIKEN, Appellant.

ACTION FOR RAPE—WEIGHT OF UNCORROBORATED TESTIMONY—QUESTION FOR JURY—APPEAL.—In an action to recover damages for a criminal assault upon a single woman, the weight to be given uncorroborated testimony is a matter solely for the consideration of the jury, unless it is inherently improbable, and its conclusion is conclusive upon the appellate court.

ID. — ARGUMENT TO JURY — COMPARISON OF CHILD WITH DEFENDANT — LACK OF PREJUDICIAL ERROR.—In such an action a remark made by plaintiff's counsel in his argument to the jury, requesting them to compare the child to which the plaintiff gave birth with the defendant, is not prejudicial, in the absence of anything in the record showing whether or not it bore any resemblance to the defendant, or that the defendant was prejudiced by the remark.

ID. — PREVIOUS CHASTITY OF PLAINTIFF — EVIDENCE OF DAMAGES—INSTRUCTION LIMITING EVIDENCE—LACK OF PREJUDICE.—The defendant is not prejudiced by the giving of an instruction limiting the purpose of evidence of previous chastity of the plaintiff to the question of damages suffered, where his defense is an alibi, and not that the plaintiff consented to the act.

ID.—COMPENSATORY DAMAGES FOR "ACT COMPLAINED OF"—PROPER INSTRUCTION.—An instruction that compensatory damages should be given in such amount as will fairly compensate the plaintiff for the injury she has received by reason of the "act complained of," "taking into consideration her physical suffering and disability during pregnancy and in childbirth, if the jury should find the pregnancy was the result of defendant's act, also her mental suffering, shame, and disgrace, and her loss of social standing, and all other harm they find she suffered as the natural result of the wrong," is not an invasion of the right of the jury by telling them that damages should be awarded regardless of whether she gave her consent or not.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Miguel Estudillo, for Appellant.

Richard L. North, A. Orfila, and V. Rapp, for Respondent.

SHAW, J.—As appears from the complaint, defendant, on or about December 19, 1911, with force and violence, made an indecent assault upon plaintiff, who at the time was a chaste and virtuous single woman over the age of twenty-one years, and then and there, without her consent, debauched and carnally knew her, as a result of which she became pregnant, and on September 17, 1912, gave birth to a child, to her damage in the sum of twenty-five thousand dollars; all of which allegations were by defendant denied.

The case was tried before a jury, which brought in a verdict in favor of plaintiff in the sum of four thousand dollars. Defendant moved for a new trial upon the ground of insufficiency of the evidence, errors in law occurring at the trial, and irregularities in the proceedings of plaintiff and the attorneys for plaintiff, which motion was overruled. The appeal is from the judgment and an order of court denying defendant's motion for a new trial.

Appellant devotes a large part of his brief in support of his contention that the evidence is insufficient to justify the verdict of the jury. No purpose could be subserved in quoting at length the detailed acts of defendant in accomplishing his purpose, as related by plaintiff. Her statement, if true, clearly shows that she was, on December 19, 1911, against her will, ravished and debauched by defendant, as a result of which she gave birth to a child on September 17, 1912. As declared in criminal cases, the weight to be given testimony in prosecutions for rape, even if uncorroborated, is a matter solely for the consideration of the jury, *unless it is inherently improbable* (*People* v. *Ah Lung,* 2 Cal. App. 278, [83 Pac. 296]; *People* v. *Benson,* 6 Cal. 221, [65 Am. Dec. 506]; *People* v. *Hamilton,* 46 Cal. 540); and a less stringent rule is applicable here, since it is a civil action, wherein a preponderance of the evidence is all that is required to establish a fact. Not only do we find nothing improbable in plaintiff's story when all the circumstances are considered, but her testimony is strongly corroborated by that of her father and mother, to the effect that defendant did, on the afternoon of the day named, accompanied by plaintiff, leave their house in a buggy for a ride, from which trip he returned with her that evening, when plaintiff immediately, in the presence of defendant, informed her parents of the fact that the defendant had so abused her; that he then admitted the fact, as

stated by plaintiff, and promised the father that he would marry his daughter within two weeks; that the clothing of plaintiff was torn and blood-stained; that the father accompanied by plaintiff visited the isolated place where the latter stated defendant had pulled her from the buggy, and found evidence of the struggle which plaintiff testified she had with defendant in an effort to protect her virtue. Defendant denied *in toto* the testimony of plaintiff; denied that he made any admissions or had any conversation with the father and mother; denied that he had gone riding with plaintiff or had seen her or her parents at all on the day referred to; and asserted that at the time when the offense is alleged to have been committed he was elsewhere, and a part of the time at the house of his brother, where he remained during the night, in which claim he was corroborated by his brother and one other person. The weight to be given this conflicting evidence was clearly a matter for the determination of the jury, and its conclusion thereon in favor of plaintiff and against the alibi which defendant sought to establish must, so far as this court is concerned, be deemed conclusive. Appellant cites the case of *Lind* v. *Closs,* 88 Cal. 6, [25 Pac. 972], to the effect that where in prosecutions for rape the circumstances tend to throw discredit upon the uncorroborated testimony of the prosecuting witness, the court in reviewing such testimony should be liberal in granting a new trial, to the end that justice may be done. For the reasons stated, however, the rule announced in that case is not applicable to the facts in the case at bar.

It appears that the child, nearly a year old at the time, was produced in court, and in addressing the jury plaintiff's attorney said: "I call your attention, gentlemen, to the child in question and ask you to compare it with the defendant." Defendant objected to the use of this language in argument to the jury, on the ground there was no evidence that the child was that of the defendant, and asked the court to instruct the jury to disregard the remarks of counsel. The testimony of plaintiff was that the child to which she gave birth nine months after the alleged act of intercourse with her by defendant was that of the defendant. The record is silent as to whether or not it bore any resemblance to defendant. For aught that appears to the contrary, its lack of resemblance might have constituted strong evidence in his

favor. If, on the other hand, it resembled the alleged father, it would be convincing evidence, not of the alleged violence, but of the act of intercourse with him which it was necessary for plaintiff to establish. There existed no controversy as to the birth of the child, and it was competent for plaintiff to testify that defendant was the father thereof. (*State* v. *Miller*, 71 Kan. 200, [6 Ann. Cas. 58, 80 Pac. 51].) And it has also been held that a child may be exhibited to the jury in order that they may consider and determine whether or not there may be any resemblance to the defendant. (*State* v. *Danforth*, 73 N. H. 215, [111 Am. St. Rep. 600, 6 Ann. Cas. 557, 60 Atl. 839].) In *State* v. *Danforth, supra,* it is said: ''All of the cases concede, in effect, that there may be cases in which the maturity of the child or the character of the peculiarities relied upon as a ground of resemblance or dissimilarity render the child competent evidence on the issue of paternity. The objections urged to the competency of the evidence go rather to its weight than to its relevancy.'' In 1 Wigmore on Evidence, section 166, it is said: ''The sound rule is to admit the fact of similarity of specific traits, however presented, provided the child is in the opinion of the trial court old enough to possess settled features or other corporal indications.'' In our opinion, since the child is not before us, the matter complained of was a question peculiarly within the province of the trial court to determine. At all events, it devolves upon appellant to affirmatively show prejudicial error, and there is nothing in the record here presented upon which we can assume, even if the court erred, that defendant was prejudiced by the ruling.

Complaint is made that the court erroneously instructed the jury as follows: ''Whether or not plaintiff was chaste and virtuous prior to the alleged assault is not material to the maintenance of this action, and should you find from the evidence that she was not, that alone would not justify you in finding for the defendant. Whether or not she was chaste prior to the alleged assault is only material for the purpose of showing the damages which she may have suffered by reason of the alleged assault.'' The chastity of plaintiff prior to the assault was made an issue in the trial, and there was conflicting evidence touching the question. In our opinion, evidence as to the chastity of plaintiff was not only material touching the question as to the measure of damages,

as stated by the court, but likewise material as tending to show the probability or nonprobability of resistance on the part of the prosecutrix; "for it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to consent than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed." (*People* v. *Johnson*, 106 Cal. 289, [39 Pac. 622].) Conceding, however, that the court erred in thus limiting the purpose for which such evidence was to be considered by the jury, it is nevertheless impossible to perceive how defendant could have been prejudiced thereby, since his defense, being an alibi, was not based upon the fact that plaintiff had consented to the act. Hence, conceding the error, defendant's substantial rights could not have been prejudiced by reason thereof.

The court instructed the jury that "Compensatory damages should be given in such amount as in your judgment will fairly compensate her for the injury she has received by reason of the act complained of, taking into consideration her physical suffering and disability during pregnancy and in childbirth, if you find the pregnancy was the result of the defendant's act, also her mental suffering, shame, and disgrace, and her loss of social standing, and all other harm you find she suffered as the natural result of the wrong." Objection is made to this instruction upon the ground that it invades the right of the jury, telling it that damages should be awarded to plaintiff regardless of whether she gave her consent or not. We do not so construe it. Read in connection with other instructions, and also as stated therein, they are to compensate her for the wrong by reason of the *act* complained of. "The act complained of" was the rape alleged to have been committed upon plaintiff by defendant.

Numerous assignments of error are predicated upon rulings of the court in admitting and rejecting evidence. Conceding some of the questions calculated to elicit immaterial testimony, we are unable to perceive that any prejudice could have resulted therefrom. The questions: "Did you become unconscious at any time while you were struggling with him?" "Did he say anything while he was doing this?" "Were you or were you not unconscious at the time he set you up?" "Before this assault were you as large physically as you are now?" were all proper, not only as tending to

show damage, but for the further reason that they bore upon the question of her power to resist the defendant. In response to the last question plaintiff replied that she weighed 140 to 145 pounds at the time the act was committed, whereas at the time of the trial she weighed 215 pounds. This testimony was certainly proper, since defendant claims that, as he weighed only 155 pounds, it was improbable that he could forcibly rape a woman weighing 215 pounds. It was made to appear that after the commission of the act plaintiff remained on friendly terms with defendant, and she was asked the reason for such continued relations. Her answer to the effect that he always "promised Papa that he would come and get married, and we expected that he would keep his word," shows the materiality of the question. It is also claimed that the court erred in admitting the testimony of a physician as to the period of gestation. The ground of this objection is that such period is a matter of common knowledge, and not one requiring expert testimony. Conceding this to be true, how could defendant have been prejudiced by the answer? It is also claimed that the court erred in striking out the following testimony given by witness Mendez for the defense: "Last summer I saw Frank Truhillo and Alvina Valencia at Urbita Springs. It was last year I saw them." It is impossible to perceive how such fact could be material to any issue involved in the case. There were numerous other objections, in character as trivial and unimportant as those to which we have adverted. No purpose could be subserved by a more extended reference thereto. Suffice it to say, we find no error which in any event could have resulted in a miscarriage of justice. (Const., art. VI, sec. 4½.)

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.