Belknap
No. 78-208

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH BOISVERT

March 23, 1979

*Thomas D. Rath*, attorney general (*Peter W. Heed*, assistant attorney general, orally), for the State.

*Philip T. McLaughlin*, of Laconia, by brief and orally, for the defendant.

BOIS, J.   The defendant, convicted by a jury of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1977), asks us to reverse his conviction on two grounds. First, he argues that post-trial discovered evidence indicates that the complaining witness gave false testimony that taints the validity of the jury's guilty verdict. Second, he argues that the trial court erred by not granting his motion to order a psychiatric examination of the complaining witness. He contends specifically that when the State, aware that the defendant would be unable to present any expert testimony concerning the complaining witness' mental condition, elicited testimony from a physician concerning her psychological condition and testimonial credibility, it denied him due process of law. U.S. CONST. amend. XIV, and the "right to produce all proofs that may be favorable to himself," N.H. CONST. pt. I, art. 15. We reject both of the defendant's arguments and sustain his conviction.

The defendant was charged with aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1977), following events alleged to have occurred in a wooded area of Belmont on May 15, 1977. The evidence shows that the complaining witness had been acquainted with the defendant for two or three months prior to the alleged assault. She was estranged from her husband and is the mother of a young woman with whom Boisvert had an intimate relationship.

On the date of the alleged offense, the defendant had attempted to arrange a drinking date with the complaining witness at a local lounge. Advising the defendant that she did not drink, she rejected his invitation. Instead, Boisvert went to her home in the early evening and convinced her to go jogging with him as they had once previously done. The defendant carried along two bottles of an alcoholic beverage while the couple jogged. The complainant testified that as nightfall approached, the defendant pulled her through bushes into an apple orchard, threatened to kill her, struck her on the face and shoulder, choked her, and then engaged in cunnilingus and sexual intercourse. The observations of the emergency room physician who examined her

following the incident support the conclusion that she was beaten, and medical records read to the jury at trial indicate that her condition was diagnosed as an "apparent rape victim."

Emphasizing that Boisvert admitted to sexual intercourse with the complainant, and would rely on her consent as a defense, his counsel moved at a pretrial hearing to have the court order her to submit to an examination by a psychiatrist chosen and compensated by the defendant. The court denied the motion after the complaining witness expressed her strong desire not to submit to a psychiatric examination. The defendant took exception to the court's denial of the motion. At trial, the State elicited testimony from a physician concerning his opinion of the complainant's state of mind and propensity to tell the truth. The defendant failed to raise any objection or take exception to the introduction of this testimony.

Following his conviction, the defendant made two motions for a new trial. The trial court denied both motions, and the defendant's exceptions were transferred to this court by *Keller*, C.J.

*The Newly Discovered Evidence*

The complainant testified on direct examination that she had not drunk alcoholic beverages in three years. The defendant argues that because he is now able to produce a witness who will refute this proffered testimony, he is entitled to a new trial. He asserts that the issue of the complaining witness' drinking habits is material to his guilt, and because she may have perjured herself on this subject, the jury verdict is tainted.

The defendant encourages us to review his case under a "possibility" test adopted in *Larrison v. United States*, 24 F.2d 82 (7th Cir. 1928), a standard which requires that a new trial be ordered if, without the false testimony, "the jury *might* have reached a different conclusion." *Id*. at 87. (Emphasis in original.) We reject the suggestion that we adopt the *Larrison* test. We reaffirm our time-tested "probability" rule, and hold that in order for newly discovered evidence to require a new trial, it "must be of such a character that it is at least probable that a different result will be reached upon another trial." *State v. Nelson*, 105 N.H. 184, 193, 196 A.2d 52, 59 (1963), *cert. denied*, 377 U.S. 1001 (1964). In the absence of deliberate prosecutorial misconduct condoning perjury, we are not moved to depart from the "probability" test. *United States v. Stofsky*, 527 F.2d 237, 245 (2d Cir. 1975), *cert. denied*, 429 U.S. 819 (1976).

■   Whether newly discovered evidence suggesting perjury by a prosecution witness demands that a new trial be ordered is a question of fact for the trial court. *State v. Danforth*, 73 N.H. 215, 221, 60 A. 839, 842 (1905). "[W]here the overriding question is the possible impact of newly discovered evidence on the credibility of a key prosecution witness, we must affirm the findings of the trial court so long as there is evidence to support them." *United States v. Strauss*, 443 F.2d 986, 990 (1st Cir. 1971), *cert. denied*, 404 U.S. 851 (1971). *See also Archambault v. Adams*, 118 N.H. 634, 638, 392 A.2d 139, 142 (1978). Because it was reasonable for the trial court to rule that the defendant's discovery of this particular new witness does not require a new trial, we affirm the trial court's ruling and overrule the defendant's exception.

■   Even if we were to apply the *Larrison* "possibility" test in the present case, we would not order a new trial because the purported new evidence casts no substantial doubt on the defendant's guilt. *See United States v. Strauss*, 443 F.2d 986, 989 n.3 (1st Cir. 1971). The newly discovered witness in the present case can testify only to the collateral issue of the witness' drinking habits. We agree with the trial court's finding that the new witness' testimony "is primarily of an impeaching nature" and "is not material to any of the basic issues." When the testimony of a newly discovered witness is relevant only to a collateral issue, or would serve only to impeach or discredit a witness, an order directing a new trial is not justified. *State v. Danforth*, 73 N.H. 215, 221, 60 A. 839, 842 (1905); *State v. Carr*, 21 N.H. 166, 170 (1850). The new witness' testimony cannot contradict the evidence in the record that the defendant used physical violence in forcing the complaining witness to submit to sexual intercourse.

*The Alleged Constitutional Violation*

The defendant also challenges the validity of his conviction on the ground that he was denied due process of law, U.S. CONST. amend. XIV. N.H. CONST. pt. 1, art. 15. He propounds a two-pronged argument. First, he claims that the trial court erred in not granting his pretrial motion to order the complaining witness to submit to a psychiatric examination. Second, he claims that even if this denial did not constitute reversible error by itself, such error occurred when the State elicited a psychological evaluation of the complaining witness from a physician at trial, thereby exacerbating the prejudice that the defendant had incurred by being effectively denied his opportunity to secure such testimony through his own expert.

We summarily dismiss the defendant's second claim, noting that he did not object or raise exception during trial to allowing the testimony

of the State's medical witness concerning the mental condition of the complaining witness. *State v. Meloon*, 119 N.H. 76, 397 A.2d 1041 (1979); *State v. Floyd*, 116 N.H. 632, 635, 365 A.2d 738, 740 (1976); *State v. Lemire*, 115 N.H. 526, 534, 345 A.2d 906, 912 (1975).

■ The defendant has, however, correctly preserved the issue of the propriety of the trial court's refusal to grant his pretrial motion for a psychiatric examination of the complaining witness. The defendant concedes that the decision to order a psychiatric examination for a witness in a criminal case is one that is "peculiarly within the discretion of the trial court." We have consistently respected the discretion of a trial judge in making rulings that are within his special competence. Ruling on a motion requesting a psychiatric examination of a witness in a criminal trial is within the special competence of a trial judge. We will not disturb the judge's decision unless he abuses his discretion. *See generally Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966). There has been no such abuse in the present case.

■ Sexual assault cases present unusually difficult situations because they require courts to balance the rights of the victim against those of the accused. There must be compelling reasons to require a psychiatric examination of a complaining witness in a sexual assault case. Only when the defendant has produced substantial and convincing evidence at an on-the-record pretrial hearing that impugns the complaining witness' psychological stability and testimonial credibility may a trial judge in the exercise of sound discretion properly grant a motion requesting such an examination. *See Ledbetter v. United States*, 350 A.2d 379 (D.C. App. 1976); *Forbes v. State*, 559 S.W.2d 318 (Tenn. 1977). *See generally* Annot., 18 A.L.R.3d 1433 (1968). "It is necessary for the court to balance the possible emotional trauma, embarrassment or intimidation to the complainant against the likelihood of the examination producing material, as distinguished from speculative, evidence." *People v. King*, 581 P.2d 739, 741 (Colo. App. 1978). We overrule the defendant's exception.

*Conclusion*

In summary, we reject the defendant's claim that the discovery of a new witness who can impeach the credibility of the complaining witness requires us to order a new trial. We further reject his argument that the trial court erred by not granting his motion to order a psychiatric examination of the complaining witness. No other issue is properly before us.

*Exceptions overruled.*

All concurred.