526 So.2d 202 (1988)
William Edward BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2626.
District Court of Appeal of Florida, Fourth District.
June 8, 1988.
*203 Mel Black, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This appeal followed appellant's conviction for attempted sexual battery upon a child. He had been charged with sexual battery and kidnapping. We affirm the conviction but reverse the sentence and remand for resentencing.
We have reviewed the decisions of two trial judges in this case. The first judge conducted the trial and is alleged to have made three errors:
1. Instructing the jury on the offense of attempted sexual battery. We conclude this was not error.
2. Not instructing the jury on simple battery. We conclude this was not error.
3. Using an incorrect scoresheet in determining appellant's guideline sentence. We conclude there was error in scoring of twenty points for victim injury (physical).
The second judge conducted a hearing on appellant's pretrial motion for independent psychological examination of the victim. We conclude the trial judge did not abuse his discretion in denying the motion.
We have not been asked to review the legal sufficiency of the evidence presented by the prosecution witnesses, including the victim, the individuals she told of the incident shortly after its occurrence, the investigating law enforcement officers and the examining pediatrician. Further, we have not been asked to review the testimony of the non-victim witnesses from the stand-point of the competency of the evidence they produced, without objection. The jury considered the tape of appellant's statement as well as his testimony, denying any act for which he was charged, and the testimony of his character witnesses and an examining psychiatrist.
We shall first deal with the matters considered by the trial judge who conducted the trial. In reversing the sentence, we follow Smith v. State, 484 So.2d 649, 650 (Fla. 4th DCA 1986), which quoted Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984), for the principle that points for victim injury cannot be properly awarded under the guidelines in the instant case when victim injury is not an element of the convicted offense. The present case, in our view, is similar to Inscore v. State, 480 So.2d 218 (Fla. 4th DCA 1985), which held victim injury could not be scored for attempted aggravated battery. It was error to score victim injury for attempted sexual battery.
As to the two questions with respect to the instructions, we find no error in instructing upon attempted sexual battery; and appellant did not request that the jury be instructed upon simple battery, foreclosing consideration of the latter issue on this direct appeal.
The question presented to the other trial judge bears further discussion, although no hearing was requested by the defense pursuant to section 90.803(23), Florida Statutes (1985),[1] of either trial judge; and no objection was made at trial to the testimony of the victim or those to whom she told of the incident immediately after it allegedly occurred or during the investigation that evening and later.
The pretrial motion for an independent psychological examination of the victim was filed on April 17, 1986. There were no exhibits attached to the motion. If depositions were transcribed, they were not made part of the record here nor were they made part of the motion.
At the hearing on the motion conducted on May 29, 1986, the transcript of which is here, the trial judge stated his understanding of the law was that the decision *204 was within his discretion; and that there need be very strong and compelling reasons for ordering such examination. Although not cited at the hearing, supporting authority, involving the prosecutrix in a rape case, is provided by this court's decision in Dinkins v. State, 244 So.2d 148, 150 (Fla. 4th DCA 1971). The recent case of State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988), quashing a trial court order requiring a sexual battery victim to undergo a psychiatric examination for the purpose of determining her credibility, reviews and agrees with Dinkins.
A thorough discussion of the role of discretion in a court's determination whether to order a mental examination of the victim of a sexual assault appears in an annotation on that subject, Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Complainant in Sexual Offense Prosecution, 45 A.L.R. 4th 310 (1986).[2] A representative case cited in that annotation, State v. Walker, 506 A.2d 1143, (Me. 1986) said:
Courts in most states have held that the grant or denial of a motion to compel victims of sex abuse to submit to psychological testing rests within the sound discretion of the trial judge. E.g., People v. Glover, 49 Ill.2d 78, 273 N.E.2d 367, 370 (1971); Easterday v. State, 254 Ind. 13, 256 N.E.2d 901, 903 (1970); State v. Boisvert, 119 N.H. 174, 400 A.2d 48, 51 (1979); Gov't. of Virgin Islands v. Scuito, 623 F.2d 869, 874-75 (3d Cir.1980). Three factors compelled one court to conclude that such tests were justified: (1) the victim's youth, (2) the fact that she had accused other men of having unlawful sexual contact with her, and (3) her admission at trial that those other accusations were false. Easterday, 256 N.E.2d at 903. Another court, however, recognized that victims of sexual assault have substantial privacy rights, so that there must be compelling reasons to require them to submit to psychiatric examinations. Boisvert, 400 A.2d at 51.
There is nothing in the present case that would lead us to conclude that the Superior Court abused its discretion in denying the Defendant's motion. The victim's age, eleven years at trial, is not noteworthy in itself. There is no presumption whether children under 14 are competent to testify at criminal trials; their competency is to be evaluated at the discretion of the presiding justice. State v. Pomerleau, 363 A.2d 692, 695 (Me. 1976). Nor is there the slightest evidence the victim in this case fabricated charges of gross sexual misconduct against the Defendant's friend or any other man. The mere fact that she has implicated other men does not, without concrete evidence of fabrication, militate in favor of psychological testing. Furthermore, in light of the privacy interests of sexual abuse victims, we decline to permit the random exploration of their credibility by means of potentially embarrassing psychological tests. The fact that a defendant calls a victim's credibility into question is insufficient justification for psychological testing; her credibility is for the fact finder to determine. Allen v. State, 152 Ind. App. 284, 283 N.E.2d 557, 559 (1972). The Superior Court correctly denied the Defendant's motion.
Id. at 1147-48.
During the hearing on appellant's motion in the present case, the following colloquy took place:
THE COURT: Just a moment. I'm telling you, I'm going to have to take testimony.
... .

*205 [DEFENSE COUNSEL]: To declare a psychological impairment, there's got to be more than merely inconsistencies [sic].
THE COURT: That's why I said I need live testimony.
... .
[DEFENSE COUNSEL]: Three of the woman's children have accused another man of sexual assault, and he is now in jail.
THE COURT: I am through using the time. Your personal opinions are in the motions.
[DEFENSE COUNSEL]: That's all I have.
THE COURT: Your personal opinions concerning all the testimony and things that you think should be right, it is unsupported in suggestion, or in affidavit from any one of psychological expertise, that what you have discovered so far, indicates that the child suffers from any kind of emotional condition, which would warrant the Court record.
[DEFENSE COUNSEL]: I don't know that.
THE COURT: We're not going to do it on guess work. I decline to grant the motion.
[DEFENSE COUNSEL]: Okay. Is there a  Would an evidentiary hearing motion 
THE COURT: The motion is denied.
[DEFENSE COUNSEL]: Okay.
THE COURT: If you have other data that you have available to submit to the Court, file it with the appropriate information with the motion.
The case was not tried until September 29, 1986, four months after the hearing. No effort was apparently made in that period to provide supportive material or renew the motion.
The victim's statements about the episode were corroborated by the testimony of her playmate, the playmate's mother, the first officer on the scene, and detectives. Inconsistencies in the statements as well as the victim's conduct after the episode were all spelled out to the jury, which evaluated and determined what did and did not occur. We are not being asked to substitute our determination for the jury's; nor would it be our function to do so.
In determining whether the trial judge abused his discretion, we have considered the four corners of the motion, and the hearing thereon, and are equally unwilling to substitute our judgment for his as it is clearly not our function to do so.
We have avoided deciding this issue on any technical basis. While the gist of the motion speaks of the credibility of the victim and the state argues the defense was asking the trial court to invade the province of the jury, we understand appellant was asking that the trial court evaluate the victim to determine if she was, because of some psychological reason, misperceiving reality. Her previous experience, involving another individual convicted for the molestation, coupled with the nature of her home life, were primary considerations for the trial judge to evaluate. We are not going to repudiate the trial judge's decision, the effect of which was not to reject  out of hand  the motion with prejudice but was, in effect, a denial without prejudice to provide the court with more information, which the defense failed to do.
We note that this court's decision in Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), has now been followed by the First District Court of Appeal in Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988). In Ward, the court recognized that we were not saying that an expert witness may be offered to vouch for directly  or reject directly  the credibility of a witness.[3]
LETTS, J., concurs.
HERSEY, C.J., dissents with opinion.
HERSEY, Chief Judge, dissenting.
The concept of sexual child abuse is impossible to reconcile with the notion of a civilization that has advanced intellectually, technologically and philosophically to the point where sending man to the planets is not only a goal which is comprehensible but one which is also realistically possible. *206 Nevertheless, asocial behavior and psychological aberrations remain a fact of life with which mankind must deal regardless of its higher aspirations.
In these cases both parties are victims. The child is victimized by circumstances and by the opportunistic pedophile. The adverse psychological impact on the child is immeasurable and the crime deplorable. The accused pedophile is victimized by the accusation itself which places an indelible stain on his honor and reputation for which even acquittal may not be a solvent.
The pedophile is a pathetic slave to abnormal cravings which are literally unimaginable to the unafflicted. And, once discovered, his propensity attracts not merely the pity which it justly deserves but also the loathing and hatred of parents and others who realize that, had circumstances dictated, their own child or neighbor or friend might have been the victim.
Such an accusation carries with it a mantle of hatred and disgrace which can erase a man's reputation, deprive him of his self-respect and his means of earning a livelihood, turn his family and friends against him, and if carried to its logical extreme, take from him his freedom and thus, ultimately, his very life. Because of this it is of crucial importance that safeguards be designed and that they be meticulously applied to ensure that the presumption of innocence does not become obscured by the spectre of unspeakable obscenities which shock and therefore desensitize the sensibilities even of those otherwise trained in objectivity and to whom due process is a professional way of life.
In every such case one of the parties, and sometimes, both, are in desperate need of help. It may be the accused or it may be the putative victim. In either event, no help can be extended unless the ill and the illness are identified.
The issue which we address here is the trial court's failure to require a psychological examination of the victim, a child of the tender age of seven years. It goes without saying that becoming a victim should not subject one to any type of privacy-invading scrutiny at the behest either of the individual who allegedly created the situation or of those charged by law with the responsibility for finding and punishing the guilty. The dilemma is that the accused may not be responsible for the situation or the discomfiture of the victim. He may be (and presumably is) NOT GUILTY of the atrocity to human sensibilities with which he is charged.
Balancing these values and interests is an unenviable responsibility. Neither the trial court nor the judges on the majority opinion in this court can be criticized for the positions they have taken. Indeed, had the defense at trial supported its motion to require an examination with affidavits and expert opinion, as inferentially suggested by the trial judge, this appeal might not have been necessary.
Since it is, and because a man's honor and freedom are both at stake in a case that involves very close questions on evidentiary rulings and on credibility issues, I must, reluctantly, ascribe an abuse of judicial discretion to the trial judge for failing to require that the victim submit to psychological evaluation.
Given as a prerequisite that, as in the usual case, the victim in a particular childabuse case is the only witness who is in a position to give direct evidence of the incident, I believe that some of the factors which weigh heavily on the side of requiring a psychological evaluation are the following:
1. The environment in which the child is being raised is other than the normal two-parent setting and one or more examples of promiscuous behavior by a parent, a sibling or other occupant of the household is brought to the attention of the court.
2. Recitations of details of the incident by the victim are inconsistent or incredible.
3. One or more aspects of the victim's subsequent reaction to the incident or the accused may be characterized as bizarre or at least unusual.
4. Psychological evaluation of the accused does not indicate pedophilic tendencies.
*207 5. The history of the accused is devoid of incidents involving sexual aberration.
6. The reputation of the accused in the community is such that child molestation is contra-indicated.
To the extent possible, specifics from the record in this case have been avoided in order to preserve the privacy interests of all parties concerned. However, each of the foregoing factors is related in an evidentiary manner to the situation under review. Because of this, I would reverse and remand for a new trial, requiring as a condition precedent that the victim be required to undergo psychological or psychiatric testing. The most recent discussion of the power of a court to require such an examination is to be found in State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988).
With some trepidation I therefore respectfully dissent.
NOTES
[1] See the distinction drawn between "competency" and "reliability" by the Supreme Court of Washington in a discussion of a similar statute. State v. Doe, 105 Wash.2d 889, 719 P.2d 554 (1986) (en banc). The concurrence is also instructive because of the references, which can relieve our lack of knowledge.
[2] Neither the parties nor this court see any difference, for the purpose of this discussion between a psychiatric and psychological examination although the trial court used the former term. We note, without deciding that the same is true in criminal matters, the holding in Loomis v. Kaplaneris, 519 So.2d 1058 (Fla. 2d DCA 1988) (Fla.R.Civ.P. 1.360(a), respecting compulsory examinations by physicians, does not extend to examinations by psychologists).
[3] In Kruse, we recognized the admissibility of expert testimony on post traumatic stress in a child sexual assault case. That expert testimony can go either way and be admissible to show the existence or nonexistence of the syndrome. It is as much a shield for the defense as it is a sword for the prosecution.