Grafton,
No. 5285.

STATE *v.* KENNETH KEEGAN.

Argued January 6, 1965.
Decided February 26, 1965.

*William Maynard*, Attorney General and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*Francis P. Edes* (by brief and orally), for the defendant.

BLANDIN, J. The defendant addresses his arguments to two issues: "(1) whether the State established a Corpus Delicti (2) whether the indictment was proved by the evidence presented."

The statute here involved, RSA 583:3, reads as follows: "If any person shall, in the nighttime, break or enter . . . any building . . . lying within the body of any county . . . and shall therein commit larceny, he shall be imprisoned not more than five years."

As to the first issue raised, the defendant argues that neither the cash register, from which a small sum was taken, nor any of the several bottles of liquor, which were also stolen, were introduced in evidence. We know of no authority in this state, and none was furnished us, holding that the articles stolen must be introduced in evidence. As to the fact that the articles were taken, Cookson, one of the two companions of the defendant on

the night in question, testified that at the instigation of the defendant, between the hours of 1:30 and 2 A.M. on January 17, 1964, he entered the Caramat Inn on Sugar Hill through a cellar door, that he had to turn the door knob to get in, and he took out a cash register. He further stated that after one of his companions had smashed open the cash register, the defendant pocketed the fifteen cents found in it and then urged Cookson to go back in to "get something out that's worth while." Cookson did so and came out a second time with the several bottles of liquor, one of which the defendant took. Huntoon, the other member of the party, confirmed Cookson's testimony.

The defendant also complains that the ownership of the Inn was not proved. However, there was evidence that both the defendant and Cookson had worked there a short time before the robbery. It was clear that none of the three involved in the break owned the Inn or the property taken from it. In these circumstances, we think we need not labor the point that the evidence warranted a finding of breaking and entering (*State* v. *Skillings*, 98 N. H. 203, 208) in the nighttime and the larceny of property within the meaning of RSA 583:3. No confirmation of the accomplices' testimony was required (*State* v. *Desilets*, 96 N. H. 245), and the jury were free to believe these witnesses if they chose to do so.

It follows that the defendant's first contention that the State "presented no evidence to establish that a crime had been committed" or, in other words, failed to prove a corpus delicti, cannot prevail. *State* v. *Burley*, 95 N. H. 77.

The final issue before us is "whether the indictment was proved by the evidence presented" or, in other words, whether a fatal variance existed between the indictment and the proof offered to support it. *State* v. *Canney*, 19 N. H. 135. However much common sense and justice may have been sacrificed to an impractical and technical system in 1848, when *State* v. *Canney*, *supra*, upon which the defendant relies, was decided, such strictures no longer represent the rule here. *State* v. *Rousten*, 84 N. H. 140, 142-143. The defendant's objection here centers on the fact that he was charged with the actual breaking and entering, while the evidence shows that Cookson alone broke into and entered the building. The State counters with a claim that the defendant could be found guilty as a principal of the offense of breaking, entering and larceny in the nighttime. *State* v. *M'Gregor*, 41 N. H. 407; *State* v. *Derosia*, 94 N. H. 228.

In order to determine the validity of the defendant's contentions, it is necessary to examine the facts in some detail. The evidence warranted a finding that the defendant was chief instigator of the robbery and that he drove the car in which the three rode from Littleton to the Caramat Inn, located on Sugar Hill a few miles from Littleton. When they reached the Inn, Cookson got out and entered the building. The defendant, along with Huntoon, remained in the car and "patrolled" the area. He drove down the road a short distance and then turned around and came back. When he returned, Cookson had come out of the Inn with the cash register. They traveled away about a mile, broke open the register, whereupon the defendant pocketed the change found in it, and then, as previously stated, urged Cookson to go back and "get something out that's worth while." They returned to the Caramat Inn; Cookson left the auto and again entered the building. He came out shortly with several bottles of liquor, one of which the defendant himself took and later tried unsuccessfully to sell. The remaining bottles were consumed by the other two participants in the crime.

We believe in this situation the jury could properly find that the defendant was present, participating in the commission of the offense, and that he was also the chief adviser and instigator. It was not necessary that he actually stand by Cookson's shoulder during the entire performance. The defendant was the driver who conveyed them all to the scene of the crime, as well as the operator of the "getaway" car. He was in close physical proximity to the spot where the offense was committed, and it may be found that he was present and participating in the breaking, entering and larceny. Under our law, he could be convicted as a principal. *State* v. *M'Gregor*, 41 N. H. 407; *State* v. *Derosia*, 94 N. H. 228; *cf. State* v. *Lacoshus*, 96 N. H. 76, 79-80.

In all the circumstances, we do not believe that the defendant could have been misled to his prejudice by the words of the indictment. All the essential facts necessary for him to properly prepare his defense were plainly and fully set out. No possibility exists that he could be prosecuted again for the same offense. In this situation, he cannot complain. *State* v. *Rousten*, 84 N. H. 140; see *State* v. *Sullivan*, 101 N. H. 429.

The order is

*Exceptions overruled.*

All concurred.