Carroll
No. 6849

STATE OF NEW HAMPSHIRE v. CHARLES F. ROBBINS

June 28, 1974

428

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the State of New Hampshire.

*McSwiney & Jones (Mr. Carroll F. Jones* orally) for the defendant.

GRIMES, J.   Defendant attacks his conviction for rape and attempted rape on the ground that the indictment for attempted rape was defective and that the verdicts were against the weight of the evidence. He also claims that his sentences were excessive. We uphold both the convictions and the sentences.

Defendant was tried for a second time on two indictments. One indictment charged him with aiding Kenneth Durfee to rape the complainant. The other indictment charged him with attempted rape. Following a trial by jury defendant was found guilty on both indictments and was given concurrent sentences of not less than three nor more than fifteen years in prison. The maximum sentence was later reduced to ten years, the maximum allowed by statute for attempted rape. His exceptions were transferred by *Johnson,* J.

The indictment for attempted rape read in part as follows: "He did commit attempted rape in that he did attempt to ravish and carnally know [the complainant] a woman, by attempting to commit carnal copulation with her by force and against her will. RSA 585:16". RSA 585:16 is the statute which deals with rape. We need not pause long over the contention that this indictment is fatally defec-

tive. It clearly charges the defendant with an attempt to commit rape. The word "attempt" or "attempted" is used three times in the short indictment. The fact that RSA 585:16 dealing with rape is cited could not in any way have confused the defendant. It clearly refers to the crime which it is alleged the defendant attempted to commit. The indictment sufficiently described the offense so the defendant could prepare for trial. *State v. Harvey,* 108 N.H. 139, 229 A.2d 176 (1967); *State v. Webster,* 105 N.H. 415, 200 A.2d 856 (1964).

Defendant was tried on both indictments with Kenneth Durfee who was found guilty of rape and sentenced to not less than eighteen months nor more than ten years. The charges against both men grew out of an episode which originated on the afternoon of July 10, 1969, when they gave a ride to the complainant, a sixteen-year-old girl, who was hitchhiking her way back to Massachusetts after spending some time at a camp in Maine with four boys and another girl. During the afternoon, the girl and the defendants rode around from place to place for various purposes not important to the issues raised. There were stops for gas, beer which the men were drinking, cigarettes, and "going to the bathroom". The girl testified that eventually they turned off on a side road where the men undressed her while she was sitting between them on the front seat; that Robbins then attempted to have intercourse with her but she pushed him off; that Robbins then held her hands while Durfee raped her. Complainant also testified that during this period she was "screaming and crying", that she resisted "by trying to push him off", and that one of them slapped her several times.

She testified that after Durfee finished she dressed herself and the defendants drove her to the end of the side road where they let her out. She was then picked up by two other men who took her to a telephone booth. She walked down the road and after some time and assistance from several people she called her foster mother and finally made contact with the police.

Both defendants testified that the complainant agreed to have intercourse in return for a ride to the Maine Turn-

pike where she had a better chance of getting a ride home; that they went to a sand bank whereafter she undressed herself, Robbins tried to have intercourse with her, but was unable to complete the act and that Durfee then had intercourse with her. Defendants further testified that complainant dressed herself and that the three of them drove out of the gravel pit. They then told her they didn't have enough gas to go to the Maine Turnpike whereupon she started "hollering and bawling and said she wanted to get out of the car."

The conflict in the testimony created an issue of fact to be resolved by the jury. *State v. LeNoir,* 97 N.H. 462, 92 A.2d 159 (1952); *State v. Reed,* 106 N.H. 140, 207 A.2d 443 (1965). "Although a woman must resist to the extent of her ability at the time under the circumstances she is not required to risk the peril of serious personal injury that may be threatened or that she may fear." *State v. Bass,* 93 N.H. 172, 176, 37 A.2d 7, 10 (1944). Whether the complainant resisted sufficiently was a question for the jury, which could consider complainant's age, the fact that there were two men, that one weighed 240 pounds and that one of them slapped complainant two or three times. We cannot say on the record before us that no reasonable man could come to the conclusion the jury reached. Contrary to defendant's contention, no corroboration of the complainant's testimony is essential in a rape case. *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973).

Defendant contends that his sentence was excessive considering the fact that Durfee's minimum sentence was only eighteen months as compared to the three years he received on each indictment to run concurrently. Although the codefendant's sentence is relevant, it is not determinative of excessiveness. *State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973). The trial court could have considered Robbins more culpable for both attempting rape and holding the victim so that Durfee could succeed. Defendant's culpability is not measured by his failure to complete the crime to his own satisfaction. It was defendant who slapped the girl several times and he had a prior criminal record of two felony convictions while it does not appear that Dur-

fee had any prior record. The trial court also had an opportunity to observe both men. We cannot say that the trial court abused its discretion in imposing the sentences.

*Exceptions overruled.*

All concurred.