Strafford
No. 7063

STATE OF NEW HAMPSHIRE

v.

RUSSELL F. BAILEY

March 31, 1975

*Warren B. Rudman,* attorney general, *Edward N. Damon,* attorney, and *John L. Ahlgren,* attorney *(Mr. Ahlgren* orally), for the State.

*Alfred Catalfo, Jr.,* by brief and orally, for the defendant.

PER CURIAM. Defendant was convicted of a sexual assault on a minor, a misdemeanor in violation of RSA 632:3. The Trial Court (*Dunfey,* J.) sentenced defendant to not more than five years nor less than two years under RSA 651:6 permitting an extended term of imprisonment under certain circumstances. Defendant objected that the prosecutor made an oral recommendation of extended term of sentence rather than a written motion; that the two prior convictions relied upon as a basis for the extended term of sentence were not properly proven; and that the State had not shown by the record that the guilty pleas in the prior convictions were made after the defendant had intelligently and voluntarily waived certain pertinent constitutional rights as required by *Boykin v. Alabama,* 395 U.S. 238 (1969). Defendant's exceptions to the denial of his motion to vacate the sentence based upon these objections were reserved and transferred by the trial court.

The imposition of an extended term of imprisonment upon the finding by the court that defendant had "twice previously been imprisoned, in this state or in any other jurisdiction, on sentences in excess of one year" (RSA 651:6 (c)) is not dependent upon a request from the prosecution. The objection that the State's request for the court to impose an extended sentence was made orally rather than by written motion is therefore without merit.

In the brief of the defendant and in oral argument the claim was advanced that defendant's prior admission that he had twice previously been imprisoned on sentences in excess of one year was incorrect. It now appears that in fact the defendant had previously been imprisoned on sentences in excess of one year in both Vermont and New Hampshire.

The defendant relies upon *Boykin v. Alabama,* 395 U.S. 238 (1969), in claiming that the State was required to show from the record in the two previous convictions that the defendant intelligently and voluntarily waived his constitutional rights before pleading guilty. The reliance upon *Boykin* is unwarranted since the previous

convictions of the defendant were both pre-*Boykin*. According to the pre-*Boykin* law, which we apply here, the defendant bears the burden of proving by a preponderance of the evidence that his plea was made involuntarily and unknowingly. *St. Pierre v. Vitek*, 114 N.H. 766, 769, 330 A.2d 117, 119 (1974).

*Exceptions overruled.*