Carroll
No. 7140

## STATE OF NEW HAMPSHIRE v. ROBERT CHURCH

September 30, 1975

*Warren B. Rudman,* attorney general, and *James L. Kruse,* attorney (*Mr. Kruse* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

PER CURIAM. This appeal challenges the sentence imposed on the defendant on the ground that it is more severe than the sentence imposed by the sentencing judge, *Perkins,* J., on a defendant convicted of a similar crime in an unrelated case. Church was convicted of committing unnatural and lascivious acts with a sixteen-year-old boy in violation of RSA 579:9. This conviction was sustained on appeal. *State v. Church,* 113 N.H. 692, 313 A.2d 727 (1973). The superior court then held a hearing, received evidence, and imposed a sentence of not more than three years or less then eighteen months in the New Hampshire State Prison. Four days previously the same judge had sentenced a defendant who had pleaded guilty to a charge of violating RSA 632:2 (Deviate Sexual Relations). That defendant received a sentence of twelve months in the county house of correction, nine months to be suspended, and three years on probation, with conditions attached regarding treatment by the county mental health service and the possibility of extending the probation period. The only connection between the two defendants or between their crimes is that they were sentenced by the same judge for similar offenses. The defendant in this case learned of the sentence in the other case shortly after receiving his sentence. He immediately filed a motion that his sentence be vacated and that he "be accorded the

same sentence imposed upon the defendant" in the other case. The motion emphasized that the victim in the other case was six years old, with the inference that that crime was more serious. The superior court heard argument on and denied the motion, and reserved and transferred the defendant's exception.

The defendant's contention is simply that all persons convicted of a particular crime must receive the same sentence. This has never been the law. Even if the crimes were identical, the defendants may not be. *State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973). Implicit in the defendant's argument is a challenge to the fairness of his sentence considered by itself. This challenge may be addressed to the review division of the superior court. RSA 651:57 *et seq.;* Laws 1975, ch. 267. RSA 651:58 I requires applications for review of sentence to be filed within thirty days after sentencing, except for good cause shown. Such cause exists here because having seasonably pursued his pending appeal the defendant should now be entitled to apply to the review division. Therefore this appeal is dismissed to allow the defendant to pursue his statutory remedy.

*Dismissed without prejudice.*