Hillsborough
No. 7423

STATE OF NEW HAMPSHIRE

v.

RAYMOND G. MARTINEAU

December 30, 1976

*David H. Souter,* attorney general, and *Richard B. McNamara,* attorney, for the State of New Hampshire.

*Donald F. O'Donnell,* by brief and orally, for the defendant.

GRIFFITH, J.   The defendant was tried by jury together with his codefendant, John R. Colby, and both were found guilty of the offense of conspiracy to murder (RSA 629:3). Martineau was additionally found guilty of criminal solicitation (RSA 629:2), and was sentenced to a term of not more than thirty years nor less than ten years in the New Hampshire State Prison, pursuant to the provisions of RSA 651:6 I (d). During the course of the trial, the defendant seasonably objected to the introduction of certain evidence by the State and, after trial, to the denial of his motions to set aside the sentence and to amend it. All questions of law raised by the defendant's exceptions were reserved and transferred by *Perkins,* J.

The facts of this case are as discussed in *State v. Colby,* decided this day, and will not be repeated here except as they have bearing on the particular issues raised.

The defendant excepts to the trial court's admission into evidence of testimony by Edmond LeBoeuf, deputy chief of police of Manchester, as being hearsay and unduly prejudicial. The witness testified that as a result of a complaint lodged by murder victim Wanda Graham on December 30, 1973, against the defendant and John Colby, the two were arrested and incarcerated. The trial court charged the jury that in accordance with the dictates of the hearsay rule Deputy Chief LeBoeuf's testimony was of no probative value in establishing the truth of Wanda Graham's out-of-court statements, but said that it could be "considered for the limited purpose of establishing motive and conduct at or near the time of the offenses alleged in these cases." It is well settled that where a conversation is relevant irrespective of the truth of what is said, the hearsay rule does not operate to exclude the testimony. *Emery v. Woodward,* 96 N.H. 61, 62, 69 A.2d 865, 867 (1949); *see State v. Martineau,* 114 N.H. 552, 558, 324 A.2d 718, 722 (1974).

Nor do we find that the testimony as to the rape complaint was unduly prejudicial to the defendant. Although there is always a risk of some prejudice inherent in the admission of evidence of a defendant's prior crimes *(see State v. Cote,* 108 N.H. 290, 294-95, 235 A.2d 111, 116 (1967)), it is well established that where the motive for the crime charged is the concealment of a prior crime,

evidence of the prior crime is admissible for the limited purpose of showing motive. *State v. Palmer*, 65 N.H. 216, 218, 20 A. 6, 7 (1889); C. Torcia, 1 Wharton's Criminal Evidence § 247 (13th ed. 1973).

The defendant also excepts to the admission into evidence as being unduly prejudicial of a witness' sketch of the emblem or "patch" worn by members of the Die Hard Motorcycle Club, the organization to which defendants Martineau and Colby, as well as Larry Simmons, the actual perpetrator of the murder, and all other parties to the conspiracy belonged. This evidence was offered by the State as part of the circumstantial evidence that the murder of Wanda Graham was the product of a conspiracy undertaken by members of the organization in an attempt to insulate their "brothers" from the consequences of the rape prosecution. No authority is cited nor any reason advanced as to why this evidence would be any more prejudicial than the other evidence relating to the Die Hards and accordingly the exception to its admission is overruled.

The defendant further excepts to the admission of a certain statement recounted by the witness Donna Mailman, which he contends is hearsay. This was a statement by the defendant that he wanted Wanda Graham "done in" made after a probable cause hearing on the rape charge at which Wanda Graham had testified. A defendant's extrajudicial statement giving rise to a reasonable inference of guilt constitutes an admission, and is therefore admissible into evidence. *State v. Thorp*, 86 N.H. 501, 505, 171 A. 633, 637 (1934); C. Torcia, 3 Wharton's Criminal Evidence § 663 (13th ed. 1973).

The defendant's remaining exceptions to the admission of evidence and to the imposition of the extended sentence, involve issues considered in *State v. Colby supra* and there decided adversely to the defendant. The defendant's objection that the extended sentence was imposed without recommendation by the State was considered in *State v. Bailey*, 115 N.H. 149, 335 A.2d 659 (1975), which held no such recommendation is necessary.

*Exceptions overruled.*

All concurred.