Rockingham
No. 78-196

## THE STATE OF NEW HAMPSHIRE

v.

## THOMAS E. MELOON

February 14, 1979

*Thomas D. Rath*, attorney general (*Peter W. Heed*, assistant attorney general, orally), for the State.

*Robert R. Renfro*, of Portsmouth, by brief and orally, for the defendant.

DOUGLAS, J.   The defendant was convicted of burglary and theft after a jury trial. He excepted to the Trial Court's (*Mullavey*, J.) denial of his motions to quash and dismiss the burglary indictment, to give requested jury instructions on that indictment, and to set aside the verdict on the theft indictment. He also excepted to the court's admission of certain evidence. We overrule all of the defendant's exceptions.

The defendant argues that the burglary indictment is legally insufficient because it does not allege ownership of the burglarized building. The building was identified in the indictment as "an occupied structure known as Portsmouth Auto Body Garage on Ocean Road." We have stated that "an indictment is sufficient if it uses the words of the proper section of the applicable statute. The test of its sufficiency remains always the same: whether it gives the defendant enough information so that he can prepare for trial." *State v. Panichas*, 107 N.H. 359, 362, 222 A.2d 211, 213 (1966) (citations omitted). The indictment in this case states the elements of burglary using the words of RSA 635:1 and identifies the building. We therefore hold that the indictment is sufficient.

The defendant submitted a request for instructions concerning the issue of his intent to commit a crime at the time he entered the building. This requested instruction commented at length on various purposes for which the defendant might have entered the building which would not constitute intent to commit a crime. During his instructions to the jury, the trial judge fully explained all of the elements of burglary. He twice stated that the State was required to prove that the defendant entered the building with "the purpose to commit a crime therein." It was within the trial court's sound discretion to determine "[w]hether an instruction on a particular issue is necessary to assist the jury in making its verdict." *Fusegni v. Portsmouth Housing Auth.*, 114 N.H. 207, 209, 317 A.2d 580, 582 (1974). We hold that the trial court's refusal to give the requested instruction was not an abuse of discretion.

The defendant's claim that there was insufficient evidence to support the guilty verdict on the theft indictment requires us to view the evidence "in the light most favorable to the State with all reasonable inferences therefrom. "*State v. Dupuy*, 118 N.H. 848, 395 A.2d 851 (1978); *State v. Canney*, 112 N.H. 301, 303, 294 A.2d 382, 383 (1972). The evidence shows that the defendant helped two other men break into the garage, handed a tool to one of the men in order to break into an adjoining room, held the door open as the men carried out the stolen

items, and hid one of the items, a pistol. The defendant himself testified that he received part of the proceeds from the sale of the pistol. We hold that on the basis of this evidence the jury could find that the defendant obtained the pistol with the intent to deprive the owner of its possession.

■ The defendant argues that the admission of an out-of-court statement of one of the men who broke into the building is reversible error. Defense counsel did not object to this testimony. By failing to make a timely objection and reserve an exception, the defendant waived his right to raise this issue on appeal. *State v. Breest*, 115 N.H. 504, 505–06, 345 A.2d 391, 392 (1973).

*Exceptions overruled.*

All concurred.