Rockingham
No. 79-146

### THE STATE OF NEW HAMPSHIRE

v.

### WILLIAM JOSSELIN

December 28, 1979

*Thomas D. Rath*, attorney general (*Paul W. Hodes*, attorney, orally), for the State.

*McSwiney, Jones & Semple*, of Concord (*Paul C. Semple* orally), for the defendant.

### MEMORANDUM OPINION

The defendant was found guilty of four drug offenses following a trial by jury. He raised the defense of entrapment and objects now to certain rulings as well as to the trial court's jury instructions regarding entrapment and reasonable doubt. The case was transferred here by *Mullavey*, J.

The defendant asks this court to review rulings excluding testimony of a police informant's wife. Apparently the husband asserted the marital privilege. RSA 516:27. The record reflects that then defense counsel took no exception to this exclusionary ruling. We recently reminded the bar in *Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979), that our procedural requirement of a contemporaneous objection and exception is "grounded on judicial economy and common sense." *Id.* at 532, 404 A.2d at 1102. The rule

applies in all criminal or civil cases. *See Sperl v. Sperl*, 119 N.H. 818, 408 A.2d 422 (1979).

■■ This rule applies with equal force to the trial court's jury instructions. In this appeal, new defense counsel attempts to raise issues regarding the court's entrapment and reasonable doubt instructions. After the judge instructed the jury, he inquired if counsel cared to approach the bench. The then defense trial counsel said "Nothing." in response to the court's invitation. We thus have neither an objection nor an exception. We will not bend our requirement so that new counsel can comb the record on a "treasure hunt" for issues never properly brought before the trial judge. *See Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979).

*Exceptions overruled.*

KING, J., did not sit.