Rockingham
No. 79-247

THE STATE OF NEW HAMPSHIRE

v.

KEVIN P. FRASER

February 14, 1980

*Thomas D. Rath*, attorney general (*Michael A. Pignatelli*, attorney, orally), for the State.

*John A. Macoul*, of Salem, by brief and orally, for the defendant.

GRIMES, C.J.   The defendant herein was convicted by a jury of the crimes of attempted armed robbery and felonious use of a firearm. He seeks to overturn these convictions on the grounds that he was denied a speedy trial, that impermissible evidence was admitted against him, and that the evidence presented at trial was insufficient, as a matter of law, to sustain the State's burden of proving guilt beyond a reasonable doubt. Finding no merit in the defendant's arguments, we affirm both convictions.

On November 20, 1978, the defendant, Kevin P. Fraser, was indicted by the Rockingham County Grand Jury for attempted armed robbery, RSA 636:1 and RSA 629:1, and the felonious use of a firearm. RSA 650-A:1 (Supp. 1977). The charges arose out of events that occurred on the evening of November 13, 1978, when four heavily armed, masked men broke into the residence of the Milne family in Auburn, New Hampshire. Thereafter, the defendant was taken into custody and held, in lieu of bail, until trial.

On December 9, 1978, the defendant filed a motion for a psychiatric and drug dependency evaluation, which was granted December 15. On that date, the defendant was transferred to the forensic unit of the New Hampshire Hospital and remained there under observation until January 12, 1979, when he was returned to the Rockingham County jail.

The defendant's case was scheduled for trial on February 12, 1979, but was continued until March 12, 1979, at the request of defense counsel. On March 12, when both parties were prepared for trial, the Presiding Judge (*Randall*, J.) disqualified himself because he knew the victims. On March 14, 1979, the defendant filed a motion to dismiss for lack of a speedy trial, which motion was renewed on March 20, 1979. Both motions were denied.

Trial began on April 9, 1979. The principal evidence linking the defendant to the attempted robbery of the Milne residence was the

testimony of one Gary Zielinski, an admitted participant in the break-in, who testified that the defendant had been a participant. During the course of his testimony, Zielinski related threats made to him by a friend of the defendant concerning his cooperation with the police. Zielinski's testimony was buttressed by that of Rene Cook, who testified that while confined in the Rockingham County jail, the defendant admitted his participation in the Milne break-in to him. The defendant was ultimately convicted of both offenses. The defendant's exceptions were transferred by *Mullavey*, J.

The defendant first attacks his convictions on the grounds that he was denied the speedy trial guaranteed to him by both the federal Constitution and the New Hampshire Constitution. U.S. CONST. amend. VI; N.H. CONST. pt. 1, art. 14. He argues that insofar as there was a delay from his arrest until the commencement of his trial of almost five months, his right was impermissibly abridged, for which dismissal of the charges is the only remedy. *Barker v. Wingo*, 407 U.S. 514, 522 (1972); *State v. Hudson*, 119 N.H. 963, 409 A.2d 1349 (1979). We perceive no such abridgment of the defendant's constitutional rights. In determining whether a criminal defendant has been denied a speedy trial, we consider the four factors set out in *Barker* and *Hudson*. They are: (1) the length of the delay, (2) the reasons for the delay, (3) the responsibility of the defendant to assert his right, and (4) prejudice to the defendant. This court places particular emphasis upon the latter two factors. *State v. Cole*, 118 N.H. 829, 831, 395 A.2d 189, 190 (1978).

As we have noted above, much of the delay in this case was brought about by the defendant. It is elementary that the defendant cannot take advantage of delay that he has occasioned. *State v. Cole supra; State v. Blake*, 113 N.H. 115, 305 A.2d 300 (1973). When a defendant requests a continuance, he thereby temporarily waives his right to a speedy trial. *State v. Dufield*, 119 N.H. 28, 398 A.2d 818 (1979). Moreover, we observe that the defendant did not assert his right to a speedy trial until March 14, 1979. His trial followed within one month. On the facts of this case, we hold that there was no violation of the defendant's right to a speedy trial.

The defendant next argues that the admission of testimony concerning certain threats made against a State's witness by a third party constitutes reversible error. During the course of the trial, State's witness Zielinski testified concerning a fight that he had with one Alan Therien, an alleged friend of the defendant. The following exchange took place between the witness and the State's attorney:

Q: And did this assault on you at Alan Therien's have anything to do with the Milne robbery?

A: Yes, it did.

Q: And would you describe for the Jury what it has to do with the Milne robbery?

A: When I first arrived at Alan Therien's he pulled a gun on me and told me he was going to blow my head off because I had informed on Kevin Fraser. It was his way of getting back at me since Kevin couldn't. That is when the fight took place.

We think it sufficient to note, for the purposes of this case, that the preceding exchange took place without objection or motion to strike being offered by defense counsel. Thus, the defendant may not now question the propriety of the evidence. *State v. Josselin*, 119 N.H. 936, 409 A.2d 1336 (1979); *State v. Taschler*, 116 N.H. 218, 356 A.2d 697 (1976). We decline to rule on whether, in the circumstances of this case, threats made against a witness by a third person may be admissible against a defendant. *See generally*, Annot., 79 A.L.R.3d 1156 (1977); 1 C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 217 (13th ed. 1972).

■ The defendant further contends that repeated attempts by the prosecuting attorney to elicit testimony concerning the defendant's alleged threats made to other State's witnesses was improper. We observe, however, that it is the law in this State that such threats are admissible against a criminal defendant. *State v. Belkner*, 117 N.H. 462, 374 A.2d 938 (1977); *State v. Martineau*, 116 N.H. 797, 368 A.2d 592 (1976); 2 J. WIGMORE, EVIDENCE §§ 273, 277, 278 (3d ed. 1940). We are of the opinion that the threats allegedly made by the defendant against State's witnesses were admissible.

■ The defendant further asserts that the State failed in its burden of proof. In evaluating such a claim, it is our task to examine the record for sufficient evidence from which a reasonable trier of fact could find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 99 S. Ct. 2781 (1979); *State v. Kiluk*, 120 N.H. 1, 410 A.2d 648 (1980). In so doing, we view the evidence in the light most favorable to the State. *State v. Meloon*, 119 N.H. 76, 397 A.2d 1041 (1979); *State v. Dupuy*, 118 N.H. 848, 395 A.2d 851 (1978).

The defendant contends that the only evidence presented at the trial connecting him to the attempted robbery of the Milne residence was the testimony of an accomplice, Zielinski. He argues that because Zielinski admitted on cross-examination to lying several times to the police and the courts, his testimony is beyond belief.

■ ■ Even if the defendant's characterization of the evidence is accurate, we believe it sufficient to sustain the convictions under the rule of *Jackson v. Virginia supra*. The testimony of an admitted accomplice, standing alone, is sufficient to sustain a verdict. *State v. Rumney*, 109 N.H. 544, 258 A.2d 349 (1969), *cert. denied*, 397 U.S. 1051 (1970); *see State v. Keegan*, 106 N.H. 152, 207 A.2d 427 (1965). And, as we have repeatedly said, the jury is entitled to believe any witness. *State v. Dupuy*, 118 N.H. 848, 395 A.2d 851 (1978); *State v. Breest*, 116 N.H. 734, 367 A.2d 1320 (1976). We must add, however, that the defendant's characterization of the evidence is not correct.

■ The State also presented the testimony of Rene Cook, which, in substance, corroborated that of the accomplice, Zielinski. Cook testified that while jailed with the defendant, the defendant told him of his participation in the Milne break-in and that he was the last man out of the house. Cook also identified a rifle recovered near the scene of the break-in as one belonging to the defendant. The same rifle was identified by Mrs. Milne as the one carried by the second intruder, the last man to exit the house. Zielinski testified that the defendant was the second man into the home and the last out, and that he carried the rifle later identified by both Cook and Mrs. Milne. In sum, we conclude that there was sufficient evidence from which the jury could find guilt beyond a reasonable doubt.

The defendant's final argument is that even if his convictions are sustained, he received an unconstitutionally disparate sentence. The thrust of his argument is that while he received a sentence of from six to fifteen years in the State prison, the admitted accomplice Zielinski was sentenced to two to five years. This disparity, the defendant claims, is violative of the N.H. Const. pt. 1, art. 18, as well as the ban on cruel and unusual punishment contained in the U.S. Const. amend. VIII. We find no merit in the defendant's claim.

■ ■ Not "all persons convicted of a particular crime must receive the same sentence. This has never been the law. Even if the crimes were identical, the defendants may not be." *State v. Church*, 115 N.H. 537, 538, 345 A.2d 392, 393 (1975); *State v. Robbins*, 114 N.H. 427, 321 A.2d 583 (1974); *State v. Streeter*, 113 N.H. 402, 308 A.2d 535 (1973). Where there exists a rational basis for disparate sentencing, we will not disturb the trial court's exercise of discretion. *See, e.g., State v. Lemire*, 115 N.H. 526, 345 A.2d 906 (1975).

■ Zielinski, with whose sentence the defendant compares his own, pleaded guilty to the attempted robbery charge. Encouraging guilty pleas by providing the opportunity for lesser punishment is not

unconstitutional, but is an important part of plea negotiations. *Corbitt v. New Jersey*, 439 U.S. 212 (1978). It was therefore permissible to extend "a proper degree of leniency" to Zielinski in return for his guilty plea. *Id.* at 223. This does not entitle the defendant, who went to trial and was convicted, to the same consideration.

■ In addition, Zielinski's cooperation with the police and the fact that during the attempted break-in he was either unarmed or armed only with a knife, while the defendant was armed with a rifle, were factors properly leading to a difference in the severity of the sentences. Moreover, the defendant's repeated threats against witnesses and the arresting officers were also proper for consideration. We hold that there was a sufficiently rational basis to support the disparity in the sentences. *State v. Lemire*, 115 N.H. 526, 345 A.2d 906 (1975).

■ We find no merit in the defendant's eighth amendment claim. *See Carmona v. Ward*, 576 F.2d 405 (2d Cir. 1978). Rather, we note that the sentence imposed is within the range provided by statute. RSA 651:2. It was not inconsistent with sentences traditionally meted out by our trial judges in cases involving the use of firearms. *See, e.g., State v. Leclair*, 118 N.H. 214, 221, 385 A.2d 831, 835 (1978).

Although this is not a case in which this court will tamper with the discretion of the sentencing judge, the defendant, having seasonably appealed to this court, may go before the review division of the superior court. RSA 651:57 *et seq.* (Supp. 1977); *State v. Church*, 115 N.H. 537, 538, 345 A.2d 392, 393–94 (1975).

*Exceptions overruled.*

Bois, J., concurs in the result; Douglas, J., concurs specially; the others concurred.

Douglas, J., concurring specially:

Not counting the one-month delay caused by the defendant's continuance and the one-month delay due to his requested psychiatric exam, the trial of the defendant meets the three-month standard set forth in my dissent in *State v. Dufield supra*, for accused persons denied their liberty in lieu of bail. Accordingly, I concur.