Strafford
No. 79-211

THE STATE OF NEW HAMPSHIRE

v.

OSCAR HOULE

March 5, 1980

*Thomas D. Rath*, attorney general (*Michael A. Pignatelli*, attorney, orally), for the plaintiff.

*Caplan & Weinstein*, of Massachusetts, and *Reams & Woods*, of Exeter (*Elliot M. Weinstein* orally), for the defendant.

MEMORANDUM OPINION

■ On October 24, 1978, a jury convicted the defendant of the theft of certain vinyl siding from a construction site, RSA 637:3. He was represented by retained counsel whose extensive criminal experience included three years as a prosecutor. During the trial, defense counsel registered no objections or exceptions that in any way related to the

issues briefed by subsequent counsel. These issues, therefore, were not preserved for appeal. Eight months after trial, new counsel sought to set aside the verdict arguing that the evidence was insufficient to prove that the defendant acted without authority. The Superior Court (*Cann*, J.) denied the motion, and the defendant's exception was transferred.

A determination whether to deny a motion to set aside the verdict rests within the sound discretion of the court. In light of the defendant's failure to object to the trial court's rulings or instructions or to timely appeal the case, we are not convinced that the conviction should be set aside. *See Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979); *State v. Josselin*, 119 N.H. 936, 409 A.2d 1336 (1979). We note that in a letter written November 24, 1978, trial counsel clearly informed the defendant of the time limits relating to appeals (thirty days) and motions to set aside guilty verdicts (seven days). *See* Superior Court Rule 105. The defendant, however, waited eight months to file a motion to set aside his verdict. He did not appeal the denial of his motion until August 1979, ten months after his conviction.

Even if we were to consider the sufficiency of the evidence under the new standard articulated in *Jackson v. Virginia*, 99 S. Ct. 2781 (1979), the evidence supports a finding that the defendant's removal of the vinyl siding was unauthorized. The jury heard testimony that the defendant's truck was on the job site at 3:00 a.m. with its lights out. Further, the defendant's other conduct on the morning of the theft supports the inference that he acted without authority. *See State v. Taylor*, 118 N.H. 855, 395 A.2d 505 (1978).

*Exceptions overruled.*