Cheshire
No. 80-327

THE STATE OF NEW HAMPSHIRE

v.

LIONEL CUTTER

June 12, 1981

*Gregory H. Smith*, attorney general (*David L. Harrigan*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, of Concord, by brief for the defendant.

PER CURIAM. The defendant appeals his conviction for both burglary and theft. He argues that the severity of the sentence imposed constituted an abuse of discretion by the trial court and that the revelation, during trial, that the State's key witness had signed a statement required a mistrial. We find no error and affirm.

The defendant and his brother, Alfred, were arrested in October 1978 and charged with the burglary of a woodworking shop and the theft of some of the shop's contents. Alfred agreed to testify against his brother and gave a signed statement to the police in November 1978 in which he indicated that the defendant had committed the crimes with which he was charged. Alfred testified at the defendant's trial and during cross-examination revealed that he had given the police the November 1978 statement. The defendant moved for a mistrial on the basis of unfair surprise, but the Court (*DiClerico*, J.) denied the motion. The defendant was found guilty of both offenses.

The court sentenced the defendant to imprisonment for ten to twenty years on the burglary conviction and three and one-half to seven years on the theft conviction. The sentences were to run consecutively, but the latter sentence was suspended.

■ The defendant does not contend that his sentence was illegal. His argument is that in light of the fact that his brother, who was equally guilty of the same crime, was not prosecuted and therefore not sentenced, the severity of his sentence constituted an abuse of discretion. Not even all persons convicted of the same

crime, however, need receive the same sentence. *State v. Church,* 115 N.H. 537, 538, 345 A.2d 392, 393 (1975), *cert. denied,* 424 U.S. 955 (1976); *see State v. Lemire,* 115 N.H. 526, 534, 345 A.2d 906, 912 (1975).

■■ It was not improper for the prosecutor to decline to prosecute Alfred in order to secure his testimony for use in the prosecution of the defendant. The defendant had a record of five prior burglary convictions and one prior conviction for being an accomplice to burglary. The court conducted a lengthy sentencing hearing and gave careful consideration to the pre-sentencing report, giving the defendant ample opportunity to correct any alleged errors and to present any mitigating evidence. We find no abuse of discretion in the sentence imposed. *See State v. Streeter,* 113 N.H. 402, 407, 308 A.2d 535, 538 (1973).

■ The defendant's next argument relates to the court's refusal to grant his motion for a mistrial. During cross-examination of Alfred, defense counsel sought to discredit him by showing that there was a twelve-month lapse of time between his arrest and his implication of the defendant in the burglary. Alfred, however, testified that he had given a statement to the police approximately one month following his arrest. The defendant moved for a mistrial on the ground that his counsel was surprised by this testimony, arguing that the State had failed to provide him with the statement and thereby misled him.

It is undisputed that at a prior hearing in connection with a previous mistrial of the case, Alfred stated that he had given a statement to the police. Moreover, before the first trial the prosecutor had allowed defense counsel free access to his file. Furthermore, the court found that the statement did not contain anything not stated by Alfred on other occasions. The only effect of Alfred's testimony that he had made the statement was to correct the false impression created by defense counsel's own questioning.

In these circumstances, we find no error in the denial of the motion for a mistrial.

*Affirmed.*