Hillsborough
No. 82-104

PAUL J. LAVALLEE

v.

EVERETT I. PERRIN, JR., WARDEN

October 5, 1983

*The Law Offices of Jean-Claude Sakellarios,* of Manchester (*Jean-Claude Sakellarios* on the brief and orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief, and *Andrew Isaac,* assistant attorney general, orally), for the State.

BROCK, J. The plaintiff, Paul J. LaVallee, appeals from the denial of his petition for a writ of habeas corpus in which he challenged the constitutionality of RSA 651:6 (the extended term of imprisonment statute) as applied to him. The plaintiff contends that RSA 651:6 violates his sixth amendment right to trial by jury and fourteenth amendment rights to due process and equal protection of the laws because, he alleges, the statute is only applied to those who opt for trial and not to those who plead. We reject the plaintiff's contentions and affirm the denial of the writ.

On October 24, 1977, the plaintiff was convicted of aggravated assault under RSA 631:2, II. Upon the State's recommendation, the Trial Court (*King,* J.) sentenced the plaintiff to a ten-to-thirty-year term pursuant to RSA 651:6, I(d) and RSA 651:6, II(a). RSA 651:6, I(d) (later amended by Laws 1981, 511:1) stated:

"I. If a court finds that a convicted person is more than twenty-one years of age, he may be sentenced according to paragraph II if the court also finds that . . . .

(d) he manifested exceptional cruelty or depravity in inflicting death or serious bodily injury on the victim of his crime."

RSA 651:6, II(a) (later amended by Laws 1981, 511:1) stated:

"II. If authorized by paragraph I, a person may be sentenced to an extended term of imprisonment. An extended term is, for a person convicted of:

(a) Any felony, other than murder, a minimum to be fixed by the court of not more than ten years and a maximum to be fixed by the court of not more than thirty years;
. . . ."

The court made specific findings on which the extended sentence was based. The trial court's application of the provisions of RSA 651:6 to LaVallee was considered and upheld by this court on his direct appeal of his conviction. *State v. LaVallee*, 119 N.H. 207, 400 A.2d 480 (1979).

Subsequently, in August 1979, after a hearing in the Hillsborough County Superior Court, the plaintiff's petition alleging that his extended sentence was excessive and disproportionate to the crime was denied.

The plaintiff then filed a petition for a writ of habeas corpus in the superior court on December 12, 1980, raising the issues presently before us. The State moved to dismiss, based largely, it appears, on our decision in *State v. Morehouse*, 120 N.H. 738, 424 A.2d 798 (1980), in which we held that the imposition of an enhanced sentence did not violate the accused's due process rights. The Court (*Wyman*, J.) granted the State's motion to dismiss.

On April 24, 1981, LaVallee petitioned the United States District Court for the District of New Hampshire for a writ of habeas corpus, raising the same issues, and alleging that he had exhausted his State remedies. The United States District Court (*Devine*, C.J.) denied the petition, ruling that the plaintiff had not exhausted his State remedies because the issues raised in the petition were distinct from those considered in *State v. Morehouse*.

The plaintiff then filed another petition for a writ of habeas corpus in the superior court. On February 8, 1982, the Court (*Goode*, J.) denied the petition, noting that the question concerning the constitutionality of RSA 651:6 was a legal issue best addressed directly to the supreme court.

The crux of LaVallee's argument is that he has been penalized for electing to plead not guilty and go to trial. He asserts in his brief that no person who has pleaded guilty has ever been sentenced under the provisions of RSA 651:6. The plaintiff's counsel, at oral argument, however, conceded that he was aware of at least one instance where a defendant charged with a large number of misdemeanors agreed to plead to an enhanced sentence on one charge in exchange for dismissal of the others. In any event, the plaintiff contends that this disparity in treatment impermissibly infringes on his sixth amendment right to trial by jury by subjecting him not only to the fear of retaliation, but also, in his case, to the actuality of retaliation for having proceeded to trial. He further argues that the alleged policy of applying RSA 651:6 only to those who proceed to trial is of such a coercive nature and so discretionary that it violates the fourteenth amendment rights to due process and equal protection of the laws.

We are mindful of the fact that the trial court declined to give the plaintiff an opportunity to present evidence in support of his claim that RSA 651:6 is applied only to those defendants who elect to go to trial, but we nevertheless find it unnecessary to remand for an evidentiary hearing because, even assuming the validity of the plaintiff's assertion, we hold that the statute is constitutional as applied to him.

The plaintiff's contention that it is impermissible to distinguish between defendants who plead guilty and defendants who plead not guilty and go to trial ignores the realities of the plea-bargaining process. "[T]he standard of punishment is necessarily different for those who plead and for those who go to trial." *Corbitt v. New Jersey*, 439 U.S. 212, 224 n.14 (1978). That the plea-bargaining process is relied upon as a means of disposing of criminal charges is a proposition too obvious to be disputed. *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 n.18 (1973). It is recognized that encouraging a guilty plea by offering substantial benefits in return for the plea is constitutionally permissible. *Corbitt v. New Jersey*, 439 U.S. at 219. One benefit is the possibility of a lesser sentence in exchange for a guilty plea. *Id.* at 223; *State v. Fraser*, 120 N.H. 117, 122–23, 411 A.2d 1125, 1129 (1980). In this State, we have rejected the notion that it is impermissible to compensate one who pleads guilty by extending him a proper degree of leniency. *State v. Fraser*, 120 N.H. at 123, 411 A.2d at 1129.

LaVallee's claim that he has been punished for pursuing his constitutional right to trial by jury in violation of his right to equal protection of the law is merely the same argument phrased con-

38

versely. The case of *Corbitt v. New Jersey*, 439 U.S. 212 (1978), is of particular relevance to a consideration of the claims LaVallee raises in this appeal. In *Corbitt*, the defendant pleaded not guilty, was tried, and was convicted of murder. *Id.* at 216. He was sentenced to mandatory life imprisonment. *Id.* On appeal, he argued that the possibility of a sentence of less than life upon the plea of *non vult* (legally equivalent to a plea of *nolo contendere*), combined with the absence of a similar possibility when convicted by a jury, was an unconstitutional burden upon his right to a jury trial, as well as a violation of equal protection of the laws. *Id.* at 218. The United States Supreme Court rejected these claims, *id.*, as we do in the present case.

■ RSA 651:6, on its face, does not apply only to defendants who assert their right to plead not guilty and seek a jury trial. *See id.* at 217 (the Court noted that the maximum punishment was not reserved for those who insisted on a jury trial); *cf. United States v. Jackson*, 390 U.S. 570, 572 (1968) (by statute, only those insisting on a jury trial faced the maximum penalty of death). We note that there is nothing in the record before us that even suggests that plea negotiations were ever considered by LaVallee or undertaken by his counsel and the prosecution.

■ Rather, the plaintiff's argument rests solely on the unfounded assumption that *had* there been plea-bargaining and *had* he agreed to plead guilty to the charge of aggravated assault, then he would have been sentenced under RSA 651:2, II(b), which provides for a maximum sentence of seven years. This argument is purely hypothetical because nothing in RSA 651:6 prevents a judge, either upon recommendation of the prosecutor or upon his own motion, from utilizing the extended term statute in a plea situation. *See State v. Toto*, 123 N.H. 619, 624–25, 465 A.2d 894, 898 (1983); *State v. Martineau*, 116 N.H. 797, 799, 368 A.2d 592, 594 (1976); *State v. Bailey*, 115 N.H. 149, 150, 335 A.2d 659, 660 (1975) (RSA 651:6 can be imposed without recommendation of the State).

■■ The plaintiff argues, however, that notwithstanding its neutral language, RSA 651:6 is unconstitutional because of the manner in which it is actually employed. We disagree. The circumstances attending the trial court's implementation of the statute are merely reflective of the realities of the plea-bargaining process. The fact that RSA 651:6 may be used rarely in plea situations could be the result of negotiated agreements to seek a lesser term or the result of a judge's hearing, during the plea proceedings, a shortened, less graphic account of a defendant's conduct. Sentencing is ulti-

mately within the discretion of the judge even though it may be influenced by the prosecution and the plea-bargaining process. *Corbitt v. New Jersey*, 439 U.S. at 221–22.

 We have said that where there exists a rational basis for disparate sentencing, we will not disturb the trial court's exercise of its discretion and that one who goes to trial and is convicted might not be entitled to the same consideration of leniency as one who pleads. *State v. Fraser*, 120 N.H. at 122–23, 411 A.2d at 1129; *see Corbitt v. New Jersey*, 439 U.S. at 224.

 We conclude that selective use of the extended term statute as alleged here, even if factually correct, is constitutionally permissible. *Ex parte Boman*, 160 Tex. Crim. 148, 149, 268 S.W.2d 186, 186 (Tex. Crim. App. 1954); *accord State v. Howell*, 240 Or. 558, 559–60, 402 P.2d 89, 89–90, *cert. denied*, 383 U.S. 922 (1966); *State v. Bailleaux*, 521 P.2d 1062, 1063 (Or. Ct. App. 1974); *see Oyler v. Boles*, 368 U.S. 448, 456 (1962) (conscious exercise of some selectivity in enforcement is not, in itself, a federal constitutional violation).

 In addition, we note that the United States Supreme Court has ruled that, absent vindictiveness, it is constitutionally permissible to re-indict on more serious charges a defendant who has refused to plead to lesser charges, *Bordenkircher v. Hayes*, 434 U.S. 357, 365, *reh'g denied*, 435 U.S. 918 (1978), or one who has opted for trial by jury, *United States v. Goodwin*, 102 S. Ct. 2485, 2494–95 (1982). Vindictiveness in these instances is not presumed. *United States v. Goodwin*, 102 S. Ct. at 2494. Similarly, we do not find a realistic likelihood of vindictiveness in the instance at bar, where there apparently were no plea negotiations and the trial judge sentenced LaVallee for manifesting "exceptional cruelty or depravity in inflicting . . . serious bodily injury on the victim of his crime" (RSA 651:6) after hearing the evidence at trial. We are not persuaded by the plaintiff's contention here that he was impermissibly subjected to an apprehension of retaliation and, in fact, to actual retaliation because he did not plead but, rather, proceeded to trial.

The plaintiff's final argument is that RSA 651:6 is so vague that it is applied arbitrarily and thus he was without adequate notice of its possible application to him, thereby contravening his fourteenth amendment right to due process. We find no merit to this argument. We have previously addressed due process arguments with respect to RSA 651:6 in *State v. Morehouse*, 120 N.H. 738, 424 A.2d 798 (1980). We held in *Morehouse* that "exceptional cruelty or depravity" is a valid sentencing consideration, rather than a separate element of an offense, and thus is subject to the relaxed due process consid-

erations which apply in sentence hearings. *State v. Morehouse*, 120 N.H. at 742–43, 424 A.2d at 800–01.

We have ascribed the usual and common meaning to the statutory terms "cruelty" and "depravity," *id.* at 744, 424 A.2d at 801, and conclude that the statute provides adequate guidance to a sentencing judge. *See Proffitt v. Florida*, 428 U.S. 242, 255–56, *reh'g denied*, 429 U.S. 875 (1976). We decline to hamstring judicial discretion in sentencing by enumerating with particularity what is considered cruel and depraved conduct.

 We note that we have previously upheld the trial court's finding of exceptional cruelty or depravity as applied to the evidence before it in the plaintiff's original direct appeal. *State v. LaVallee*, 119 N.H. at 213, 400 A.2d at 484. We have held that both RSA 651:6 itself and prior case law gave adequate notice of the possible application of an extended term of imprisonment. *State v. Morehouse*, 120 N.H. at 743, 424 A.2d at 801. The fact that the legislature has since amended RSA 651:6 to require that notice of the possible application of this provision be given to a defendant prior to commencement of trial, RSA 651:6, II (Supp. 1981), does not indicate that the notice LaVallee received was inadequate.

 For the foregoing reasons, we find that the application of RSA 651:6 neither penalized the plaintiff for having proceeded to trial nor was so coercive and discretionary that it violated his rights to due process and equal protection of the laws.

*Affirmed.*

KING, C.J., and SOUTER, J., did not sit; the others concurred.